United States District Court
Southern District of Texas
**ENTERED**
March 02, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CHRISTIAN MAURICIO GONZALEZ-SOTO § § § | |
| Petitioner § | CIVIL ACTION NO. 5:16-CV-200 |
| VS. § | CRIMINAL ACTION NO. 5:06-CR-708 |
| § | |
| UNITED STATES OF AMERICA § | |

## ORDER

Pending before the Court is Petitioner's Motion under 28 U.S.C. § 2255 (Dkt. No. 1; Cr. Dkt. No. 51).[1] Petitioner argues that his federal enhancement as a career offender should be invalidated because California has retroactively reclassified one of his predicate drug convictions from a felony to a misdemeanor. The Government has responded and moves to dismiss Petitioner's Motion. After careful review of the record, briefs, and relevant law, the Court **DENIES** Petitioner's § 2255 Motion and Civil Action No. 5:16-CV-200 is **DISMISSED WITH PREJUDICE.**

I. BACKGROUND

In 2006, Petitioner pleaded guilty to possession with intent to distribute a controlled substance. Due to his two prior felony drug convictions in California, Petitioner received the career-offender enhancement under § 4B1.1 of the United States Sentencing Guidelines. (Cr. Dkt. No. 30 at 6). Taking into account his career-offender status, the Court sentenced Petitioner to 175 months of imprisonment. (Cr. Dkt. No. 36 at 3).

---

[1] "Dkt. No." refers to the civil case, and "Cr. Dkt. No." refers to the criminal case.

In 2014, California enacted Proposition 47. CAL. PENAL CODE § 1170.18 (codifying Proposition 47). Among other things, Proposition 47 allows previously-convicted defendants to petition the sentencing court for a "recall of sentence," which, if granted, reclassifies their qualifying felonies as misdemeanors "for all purposes." *Id.* § 1170.18(a), (k). In October 2015, Petitioner did just that: He successfully petitioned the Superior Court in Ventura County to recall one of his prior felony drug convictions and to resentence him to a misdemeanor. With his recalled sentence in hand, Petitioner filed this § 2255 Motion asking the Court to resentence him without applying the career-offender enhancement.

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). After conducting an initial examination of the motion, the Court must dismiss it "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *United States v. Sheid*, 248 F. App'x 543, 544 (5th Cir. 2007) (per curiam) (quoting RULE 4(B), RULES GOVERNING SECTION 2255 PROCEEDINGS). To that end, a § 2255 motion can be dismissed without an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b).

"While a '*pro se* complaint is to be construed liberally with all well-pleaded

allegations taken as true . . . [it] must set forth facts giving rise to a claim on which relief may be granted.'" *Ward v. Fisher*, 616 F. App'x 680, 683 (5th Cir. 2015) (per curiam) (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.1993)). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1990)).

## III. ANALYSIS

Relief under § 2255 may be appropriate if the "state conviction that formed the basis of career offender status is invalidated after the federal sentencing." *United States v. Daniels*, 588 F.3d 835, 837 (5ht Cir. 2009) (quoting *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994)). However, relief is only appropriate if the underlying conviction is invalidated due to an error of law or to newly discovered exonerating evidence. *Id.* Here, Petitioner cannot meet this standard because his conviction has not been invalidated. Proposition 47 simply reclassified his conviction from a felony to a misdemeanor. Moreover, Proposition 47 has nothing to do with errors of law or newly discovered exonerating evidence.

Petitioner contends that the above rule does not governed his case because Proposition 47 applies retroactively—meaning this Court must treat his prior conviction as if it was never a felony conviction to begin with. While the Fifth Circuit has not addressed Proposition 47's retroactive effect, a careful analysis of Proposition 47, the career-offender Guidelines, and the reasoning of courts that have addressed this issue demonstrates that Petitioner's argument is wrong for two

reasons.

First, it is not at all clear that even California would apply Proposition 47 to the career-offender enhancement. Indeed, Proposition 47 states that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." CAL. PENAL CODE § 1170.18(n). Since a federal sentence does not fall within its purview, Proposition 47 does not provide the relief that Petitioner claims he is entitled to.

Second, and more importantly, the fact that California has made Proposition 47 retroactive for the purposes of state law does not mean that Petitioner's felony conviction is a misdemeanor for purposes of *federal law*. "In the absence of clear language to the contrary, federal law governs the application of federal legislation." *United States v. Cisneros*, 112 F.3d 1272, 1281 (5th Cir. 1997).[2] The Court must, therefore, look to the relevant Guidelines provisions to see what effect, if any, Proposition 47 has on Petitioner's career-offender enhancement under § 4B1.1.

The Guidelines state that a defendant is a career offender if he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A controlled substance offense only qualifies if it is punishable by "imprisonment for a term exceeding one year." *Id.* at § 4B1.2(b). Moreover, "[t]he date that a defendant sustained a conviction shall be the date that

---

[2] *See also United States v. Diaz*, 838 F.3d 968, 972 (9th Cir. 2016) ("Federal law, not state law, governs our interpretation of federal statutes." (citing *United States v. Norbury*, 492 F.3d 1012, 1014 (9th Cir. 2007))); *Hirman v. United States*, 613 F.3d 773, 776 (8th Cir. 2010) (holding that whether a prior conviction qualifies a defendant for the career-offender enhancement is a question of federal law).

4

the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere.*" *Id.* at § 4B1.2(c). This last provision resolves this case. It tells us the event that triggers the enhancement: the date that guilt has been established. Thus, by its plain text, § 4B1.1 is unaffected by Proposition 47 because it does not change the historical fact that Petitioner's guilt for the controlled substance conviction in California was established when he pleaded guilty to it.

In *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), the Ninth Circuit recently came to a similar conclusion in determining the effect that Proposition 47 has on a sentencing enhancement under the Controlled Substance Act, 21 U.S.C. § 841. The court held that "Proposition 47 does not change the historical fact that [Petitioner] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" *Id.* at 971 (quoting 21 U.S.C. § 841(b)(1)(A)). In doing so, the court rejected the petitioner's retroactivity argument, noting that § 841 is backward-looking and requires only that the drug offense becomes *final*. *Id.* at 974. In other words, § 841 is not affected by any subsequent change to the state conviction after it becomes final.

*Diaz*'s reasoning, which the Court finds persuasive, transposes easily into the career-offender context. Just as the triggering event in § 841 is the date the offense becomes final, the triggering event in § 4B1.1 is the date that a defendant's guilt is established. Both events are backward-looking. *See McFarland v. United States*, No. 4:16-CV-125 CAS, 2016 WL 6600071, at *4 (E.D. Mo. Nov. 8, 2016) (applying *Diaz*'s reasoning to hold that Proposition 47 did not affect the petitioner's career-

offender status).

The Guidelines' drafters were aware that subsequent events could supersede or change a previous state conviction. In fact, the Guidelines do give retroactive effect to certain subsequent changes to prior convictions for the purposes of determining career-offender status. For example, convictions that are later reversed, vacated, or invalidated because of errors of law or newly discovered exonerating evidence are not counted. U.S.S.G. § 4A1.2 cmt. n.6.[3] Similarly, expunged convictions are excluded. *Id.* at § 4A1.2(j). But nothing in the Guidelines or its application notes carves out an exception for reclassifying a felony as a misdemeanor. And under the *expressio unius* cannon of construction, "to express or include one thing implies the exclusion of the other." BLACK'S LAW DICTIONARY 701 (10th ed. 2014)

In sum, the Guidelines' plain text demonstrates that Proposition 47 does not retroactively affect Petitioner's career-offender status. Petitioner does not dispute that his guilt was established for his prior controlled substance felony conviction at the time he was originally sentenced in federal court. That historical fact is all that § 4B1.1 requires.

This result is in keeping with the purpose of § 4B1.1, which is to punish recidivist offenders. "If a state provides relief for a prior state drug conviction, after the defendant has committed another, federal, drug crime, 'it's unclear why a

---

[3] U.S.S.G. § 4B1.2 states that the provisions of § 4A1.2 are applicable to counting convictions under § 4B1.1 (Career Offender).

6

[federal] statute aimed at punishing recidivism . . . would afford the defendant' relief in his federal sentence." *Diaz*, 838 F.3d at 974 (quoting *United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013)); *see also Daniels* 588 F.3d at 838 (noting that the petitioner should not doubly benefit from "the fortune of a lenient disposition" in state court because petitioner was still a recidivist offender)

## IV. CONCLUSION

For the forgoing reasons, Petitioner's § 2255 Motion (Dkt. No. 1; Cr. Dkt. No. 51) is **DENIED**, and Civil Action No. 5:16-CV-200 is **DISMISSED WITH PREJUDICE.**

The Court finds that Petitioner makes no substantial showing of a denial of a constitutional right, and further, that any appeal would not be taken in good faith. Accordingly, should Petitioner seek a certificate of appealability, it is **DENIED**, and the Court certifies that any appeal should not be taken *in forma pauperis*.

It is so **ORDERED.**

**SIGNED** March 2, 2017.

_____
Marina Garcia Marmolejo
United States District Judge